CONNECTICUT GENERAL LIFE INSURANCE COMPANY, et al., Plaintiffs—Appellees,

v.

NEW IMAGES OF BEVERLY HILLS, et al., Defendants,

and

Bennett & Fairshter, LLP, Third Party–Appellant.

No. 01–57178.

D.C. No. CV–99–08197–JSL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2003.

Decided March 3, 2003.

---

* Honorable David C. Bury, United States District Judge for the District of Arizona, sitting by designation.

Before B. FLETCHER and HAWKINS, Circuit Judges, and BURY,* District Judge.

MEMORANDUM**

Appellant contends that plaintiffs' failure to satisfy the local "meet and confer" rule prior to filing a motion to compel discovery requires the original July 5th, 2001 discovery order to be vacated, together with all sanctions eventually flowing from that order. However, in the previous Zilka incarceration appeal, this court affirmed the precipitating discovery orders "in all respects." Law of the case thus precludes reconsideration of the validity of the district court's discovery order. *See Leslie Salt Co. v. United States*, 55 F.3d 1388, 1392 (9th Cir.1995).

"We have stated that a good faith dispute concerning a discovery question might, in the proper case, constitute substantial justification to reverse a Rule 37(b)(2) sanction." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir.1994) (citation and internal quotation marks omitted). Appellant, however, cannot show that its discovery disputes were really made in good faith; indeed, the district court specifically found that they were not. Contrary to appellant's assertion, nothing about this court's prior order validates any of appellant's initial discovery objections.

Moreover, the sanctions were not imposed against appellant solely because of its frivolous discovery objections. Rather, after the district court rejected those arguments, appellant filed an appeal and took the position that its clients were not required to comply with the district court's order until the Ninth Circuit ruled on the issue. This was problematic first because

---

the appeals were taken from non-appealable interlocutory orders. *See Admiral Ins. Co. v. United States Dist. Ct.*, 881 F.2d 1486, 1490 (9th Cir.1989). Further, absent a stay a party must comply with an order until reversed by appeal. *See Maness v. Meyers*, 419 U.S. 449, 458–59, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975).

Based on appellant's overall course of conduct, the district court did not clearly err in determining that the attorneys were not giving advice in good faith, but for the purpose of justifying delay. Sanctions of $10,000 for such conduct is well within the district court's discretion. *See Grimes v. City & County of San Francisco*, 951 F.2d 236, 240 (9th Cir.1991).

Appellant's final argument is that the district court should have held an evidentiary hearing before finding the Zilkas in contempt and imposing sanctions on the Zilkas and appellant. However, "[t]his circuit has repeatedly held ... that finding a party in civil contempt without a full-blown evidentiary hearing does not deny due process of law to a contemnor." *United States v. Ayres*, 166 F.3d 991, 995 (9th Cir.1999). Appellant was afforded notice and an opportunity to be heard; nothing more was required. *Id.*

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable David C. Bury, United States District Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.